IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TU MY TONG,

      **Plaintiff,**

v.                                                 No. CIV-15-682 JB/LAM

ALEXANDER B. SHAPIRO, et al.,

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on: (1) Plaintiff's *Motion Request for the Court to Take Specific Action Related to the Case (Doc. 3)*, filed August 5, 2015; (2) *Defendant Derek McBee's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim or in the Alternative to Dismiss Based on Summary Judgment (Doc. 18)* and memorandum in support [*Doc. 19*], both filed September 11, 2015; (3) *Defendant[s] Shapiro and Martinez' Motion to Dismiss and Memorandum in Support (Doc. 27)*, filed October 5, 2015; (4) *Motion to Dismiss by Defendants Schutte Everett and Alyce for Insufficient Process and Failure to State a Claim and Memorandum in Support (Doc. 29)*, filed October 23, 2015; and (5) Plaintiff's motion for default judgment [*Doc. 35*], filed November 23, 2015.  No responses have been filed to Documents 3, 18, 27, or 29, and the deadlines for filing responses to these motions have passed.   Defendant Shapiro

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

filed a response to Plaintiff's motion for default judgment on December 11, 2015. [*Doc. 38*]. Plaintiff is proceeding *pro se*, and, on September 18, 2015, United States District Judge James O. Browning referred the claims raised in the Complaint to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 23*]. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b).[2]  Nevertheless, the Court prefers to consider the motions on substantive grounds because the interests of justice will be served by doing so. *See Denver & Rio Grande Western R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 848 (10th Cir. 1997) (explaining that the interpretation of procedural rules "is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects") (citation omitted).  While Plaintiff has requested a hearing (*see Doc. 35* at 1), the Court has determined that oral argument would not materially aid in the Court's consideration of the motions, and thus denies Plaintiff's request.  *See* D.N.M. LR-Civ. 7.6(a).  Therefore, having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that:

(1)   Plaintiff's ***Motion Request for the Court to Take Specific Action Related to the Case (Doc. 3)*** be **DENIED**;

---

[2] The Court notes that Defendants Shapiro and Martinez filed a Notice with the Court stating that they attempted to serve Plaintiff with a copy of their motion to dismiss by certified mail, return receipt requested, but that the copy was returned to counsel marked "unable to forward."  *See* [*Doc. 30*].  Counsel states that they contacted the Post Office and confirmed that delivery was attempted and notices were left twice at Plaintiff's physical address to pick up the certified envelope at the Post Office, but Plaintiff failed to do so, so they were returned to Defendants.  *Id.*  Defendants Schutte Everett and Alyce also filed a Notice with the Court stating that they similarly attempted to serve Plaintiff with a copy of their motion to dismiss by certified mail, return receipt requested, but the motion was returned to them marked "unclaimed."  *See* [*Doc. 32*].  On August 5, 2015, Plaintiff entered her CM/ECF Pro Se Notification Form on which she elected to receive notification of filings via postal mail, and provided her mailing address.  *See* [*Doc. 4*].  Plaintiff has a continuing duty to notify the Clerk, in writing, of any change in her mailing address and telephone number.  *See* D.N.M. LR-Civ. 83.6.  Plaintiff's apparent refusal to accept mailings from Defendants in no way excuses her failure to respond to their motions since service of these motions was "complete upon mailing."  *See* Fed. R. Civ. P. 5(b)(2)(C).

(2)     *Defendant Derek McBee's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim or in the Alternative to Dismiss Based on Summary Judgment (Doc. 18)* be **GRANTED** and Plaintiff's claims against this Defendant be **DISMISSED with prejudice**;

(3)     *Defendant[s] Shapiro and Martinez' Motion to Dismiss and Memorandum in Support (Doc. 27)* be **GRANTED** and Plaintiff's claims against these Defendants be **DISMISSED with prejudice**;

(4)     *Motion to Dismiss by Defendants Schutte Everett and Alyce for Insufficient Process and Failure to State a Claim and Memorandum in Support (Doc. 29)*, be **GRANTED** and Plaintiff's claims against these Defendants be **DISMISSED with prejudice**;

(5)     Plaintiff's motion for default judgment [*Doc. 35*] be **DENIED**; and

(6)     all of Plaintiff's remaining claims in this case be **DISMISSED with prejudice** as to all remaining Defendants.

**BACKGROUND**

Plaintiff's lawsuit arises from the United States' investigation and unsuccessful prosecution of Plaintiff for human trafficking.  *See* [*Doc. 1* at 1-10].[3]  Plaintiff's 100-page Complaint consists of very difficult to read, sometimes illegible, handwritten text.   Plaintiff states that she is bringing claims against the following parties: (1) Alexander B. Shapiro, an Assistant U.S. Attorney; (2) Derek McBee, a Las Cruces police officer; (3) Danna Schutte Everett, a court reporter for the U.S. District Court for the District of New Mexico; (4) Vanessa Alyce, also a court reporter for the U.S. District Court for the District of New Mexico; (5) My Hanh Che, a Vietnamese interpreter employed by contract during Plaintiff's criminal trial; (6) Ann Tran, also an interpreter employed by contract during the trial; (7) Olga Quiroz, (8) Monica Cardenas,

---

[3] This is the second of two lawsuits Plaintiff has brought stemming from her investigation and prosecution. *See* No. Civ. 15-191 MCA/SMV.

(9) Susan Lee Travis, and (10) Sergio Castro, all of whom were civilian witnesses called to testify at Plaintiff's trial; (11) Raul Magallanes Escorza, a U.S. Probation Officer involved in the trial; (12) "Angelica," an assistant to the FBI agent involved in the case and who "serve[d] as a translator of FBI's [r]ecorded [] consensual calls" made during the investigation of Plaintiff; (13) Salvatore Patricolo, an officer with U.S. Immigration and Customs Enforcement ("ICE"); (14) Jim Laws, a private investigator employed by the U.S. District Court; (15) Marcia Milner, court-appointed counsel for a witness during the trial; (16) Luis Martinez, an Assistant U.S. Attorney; and (17) Russell Dean Clark, court-appointed defense counsel for Plaintiff at her trial. *See* [*Doc. 1* at 1-5].  As best as the Court can tell, Plaintiff appears to allege selective and malicious prosecution, fraud, conspiracy, negligence, infliction of emotional distress, and wrongful arrest.  *See id.* at 6 and 11-12.[4]  Plaintiff cites the Due Process and Equal Protection clauses; however, Plaintiff does not set forth with any particularity which claims she is bringing against which defendant.  *See* [*Doc. 1-1* at 5].  Plaintiff asks for compensatory, general, special, consequential, punitive, and exemplary damages, as well as compensation for her costs.  [*Doc. 1* at 12].  The Court notes that Plaintiff filed what is titled an "Amended" Complaint on August 12, 2015; however, this document sets forth no new claims and, instead, appears to attempt to only clarify the title of her case and to change the caption of the Defendants in her case from "McBee Dereck, Individual, and Does 1 through 100, Inclusive" to "Seventeen Names Federal, Individual and Does 1 through 100, Inclusive."  *See* [*Doc. 7*].

---

[4] As an example of how difficult it is to decipher Plaintiff's claims, Count 1 of Plaintiff's Complaint states: "That the Special Agents, Assistant Attorneys with al[l] their witnesses Fraud and the Court appointed Investigator, Defense counsels, Interpreters, Official US Court Reporters, probation officers, Police of Las Cruces . . . they were unmasked end of that the trial.  Specifically that defendants were not only violations constituted of any Rights under U.S. Constitution to the Fourth and Fifth and Sixth and some other Amendments thereto, but, defendants' malicious actions against Tong were in excess of their authority as Fraud-Malice-Oppression-Terrorism Investigation violations of US Federal Law-Professional Negligence-Conspiracy and Discrimination to the alone Vietnamese refugee American speak broken English." [*Doc. 1* at 6].

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for her. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted). Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Because Plaintiff is a *pro se* litigant, the Court construes the allegations in her Complaint liberally.

### I. *Plaintiff's Motion for the Court to Take Specific Action* [*Doc. 3*]

In this motion, Plaintiff states that she placed a phone call to Defendant Shapiro to give him notice of her claim against him, and then she generally discusses her claims. [*Doc. 3* at 2-3]. Plaintiff asks the Court to enter judgment against Defendants. *Id.* at 3. Because the Court finds that all of Plaintiff's claims and this case should be dismissed, the Court recommends that this motion be **DENIED**.

### II. *Defendant McBee's Motion to Dismiss* [*Doc. 18*]

Defendant McBee asks the Court to dismiss Plaintiff's Complaint for failure to state a claim against him, or, in the alternative, to dismiss Plaintiff's Complaint based on qualified immunity. [*Doc. 19* at 1]. Defendant McBee states that Plaintiff's only "claim" against him is a factual allegation, which does not constitute a constitutional violation, tort, or even misconduct. *Id.* Defendant McBee states that he became involved in Plaintiff's underlying criminal case because, on the night of October 29, 2014, he was dispatched to the La Quinta Hotel in Las Cruces,

New Mexico to address concerns of the hotel staff regarding Plaintiff and Loi-Thahn Nguyen, who had testified in Plaintiff's criminal case the week before. *See id.* at 2-3; *see also* [*Doc. 19-1* at 1-2] (affidavit of Officer McBee). Defendant McBee states that he spoke to the hotel staff, who were refusing to provide Plaintiff and Loi-Thahn Nguyen camera footage of the night Loi-Thahn Nguyen had stayed at the hotel, and that Officer McBee then told Plaintiff and Loi-Thahn Nguyen that they "had to leave the premises as the hotel staff wanted them to leave." [*Doc. 19-1* at 2]. Officer McBee states that by telling Loi-Thahn Nguyen and Plaintiff to leave, he was in the process of enforcing N.M.S.A. 1978 § 30-14-1B, which is the New Mexico statute prohibiting criminal trespass, and that he "never cursed, arrested or used any force, and they complied with [his] order." He further states that later that night he "made a police report for the suspicious circumstance that occurred regarding Loi-Thahn Nguyen's hotel room and for another incident that occurred in Ruidoso, New Mexico." *Id.*

The Court can dismiss an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, the Court assumes the truth of the factual allegations and asks whether the plaintiff is plausibly entitled to relief. *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191-92 (10th Cir. 2009). While the complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins v. Okla.*, 519 F.3d 1242, 1247

(10th Cir. 2008). Conclusory allegations are not enough to withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Iqbal*, 129 S.Ct. at 1949.

Plaintiff's claim against Defendant McBee, in its entirety, consists of the statement:

> After [Defendant McBee] heard we are requesting the Laquinta [sic] Hotel in Las Cruces to privide [sic] Hotel's camera on date 10-22-14 within our story, he took the report, but demanded we get out of the Hotel, that maded [sic] us have no chance to speak to the Hotel manager, therefor the Hotel were [sic] refused to talk ever to us.

[*Doc. 1* at 1-2]. The Court agrees with Defendant McBee that Plaintiff fails to state a claim against him. Plaintiff's statement does not allege any violation of a constitutional right based on her attempt to obtain the hotel's camera footage at that time, and Officer McBee's actions in telling Plaintiff and her companion to leave did not prevent Plaintiff from attempting to obtain that footage in another manner. Plaintiff, therefore, fails to demonstrate that she is entitled to any relief, and the Court recommends that McBee's Motion to Dismiss be **GRANTED** and that Plaintiff's claims against him be **DISMISSED with prejudice**.

### III. *Defendants Shapiro and Martinez' Motion to Dismiss* [*Doc. 27*]

Defendants Shapiro and Martinez ask the Court to dismiss Plaintiff's claims against them for insufficient process and failure to state a claim. [*Doc. 27* at 2]. These Defendants contend that Plaintiff's summonses are defective because they were mailed to Defendants prior to Plaintiff having filed her Complaint, and because they were not signed by the Clerk of the Court. *Id.* at 3. In the alternative, these Defendants contend that Plaintiff's lawsuit should be dismissed because it is duplicative of Plaintiff's other civil case, filed in Civ. No. 15-191 MCA/SMV, and because these Defendants have absolute immunity in their capacity as prosecutors. *Id.* at 1, 5-6.

Rule 4(a) of the Federal Rules of Civil Procedure provides, *inter alia*, that a summons must be signed by the clerk and bear the Court's seal, and Rule 4(b) provides that "*[o]n or after the*

*filing of the complaint*, the plaintiff may present a summons to the clerk for signature and seal" (emphasis added). Here, the only summonses in the record of this case are dated in April 2015, more than 3 months *before* Plaintiff filed her Complaint, and are not signed by the Clerk of the Court. *See* [*Doc. 7* at 9], [*Doc. 36* at 5, 7, 10, 13, 16, 18, 20, and 22] and [*Doc. 36-1* at 1, 3, 5, 7, 9, 11, 13, 15, and 17]. While Plaintiff has submitted numerous proofs of service attached to many of her filings (*see, e.g., Docs. 8, 14, 15,* and *36*), which indicate that she has mailed various documents to the defendants, Plaintiff fails to make any showing that she issued properly executed summonses to any of the defendants in this case. For this reason, the Court finds that Plaintiff has failed to comply with Rule 4. Plaintiff's failure to timely serve the summonses and complaint subjects Plaintiff's entire action to dismissal under Rule 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Upon a showing of good cause, the Court could allow Plaintiff time to amend the summonses and properly serve the defendants. However, because the Court concludes that Plaintiff's complaint fails to state a claim against any Defendant, the Court elects to consider the merits of Plaintiff's claims. *See Hall*, 935 F.2d at 1109-10 ("[A] court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (citation omitted).

Defendants Shapiro and Martinez contend that Plaintiff's claims against them should be dismissed because they are duplicative of the claims she brought in Civ. No. 15-191 MCA/SMV, and because these Defendants have absolute immunity as prosecutors. [*Doc. 27* at 5-6]. The Tenth Circuit has explained that "a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions," and has upheld a district court's order that the

plaintiff add the new defendants in the original suit rather than file a second duplicative suit. *Ford v. Mischeviz*, No. 03-1008, 68 Fed. Appx. 877, 878, 2003 WL 21290951 (10th Cir. June 5, 2003) (unpublished). Here, Defendant Martinez is the only defendant who is named in both of Plaintiff's lawsuits, and, in each of her lawsuits, Plaintiff's claims against Defendant Martinez appear to be for wrongful prosecution. Since Plaintiff has already brought these claims against Defendant Martinez in her other lawsuit, the Court finds that Plaintiff's claims against him in this suit are duplicative and should be dismissed.

As for Defendant Shapiro, however, since the other civil lawsuit filed by Plaintiff has been dismissed, Plaintiff can no longer add defendants to that suit. Therefore, as to Defendant Shapiro, the Court declines to recommend dismissing Plaintiff's claims as being duplicative. Nevertheless, the Court agrees with Defendant Shapiro's contention that Plaintiff's claims against him should be dismissed because he has absolute immunity in his capacity as a prosecutor. *See* [*Doc. 27* at 6]. As explained by the Chief District Judge M. Christina Armijo in Plaintiff's first civil lawsuit, the Assistant U.S. Attorneys are entitled to absolute immunity with regard to the decision to prosecute Plaintiff. *See* [*Doc. 40*, filed in No. CIV-15-191 MCA/SMV at 11] (*citing Hartman v. Moore*, 547 U.S. 250, 261-62 (2006)); *see also Imbler v. Pachtman*, 424 U.S. 409, 420-24, 430-31 (1976) (explaining that state and federal prosecutors are entitled to absolute immunity in § 1983 and *Bivens*-type suits for activities within the scope of their prosecutorial duties). Therefore, the Court finds that Plaintiff's claims against Defendant Shapiro should be dismissed because he is absolutely immune from such claims. For the reasons stated above, the Court recommends that Defendants Shapiro and Martinez' Motion to Dismiss be **GRANTED** and that Plaintiff's claims against them be **DISMISSED with prejudice**.

### IV. *Defendants Schutte Everett and Alyce's Motion to Dismiss* [*Doc. 29*]

Defendants Schutte Everett and Alyce move to dismiss Plaintiff's claims against them for both improper service of process and for failure to state a claim. [*Doc. 29* at 1-2]. As explained in Section III *supra*, Plaintiff has failed to make any showing that she issued properly executed summonses to any of the defendants in this case, which subjects Plaintiff's entire action to dismissal under Rule 4(m). The Court, however, elects to consider the merits of Plaintiff's claims and finds that Plaintiff has failed to state a claim against Defendants Schutte Everett and Alyce.

Plaintiff alleges that these Defendants violated her constitutional rights by altering transcripts from her criminal trial. *See* [*Doc. 1-2* at 10-14]. The Court finds that these claims are completely without merit. First, Plaintiff fails to provide any support for her conclusory allegations regarding these Defendants. Plaintiff's allegations consist of stating that some statements in the transcript have been fabricated (*Doc. 1-2* at 8), and that words were both deleted and added to "trump up a story" (*Doc. 1-2* at 11). Plaintiff then contends that "[t]o my mind, as all of those things, Its could be expose, unmask that about AUSA/S Shapiro; Martinez lying to make inquiries as the trick of the trade. AUSA/S Shapiro; Martinez are lying with trick, in the wil[l]ful failure of their witnesses Fraud to comply for abuse of process." *Id.* at 11. The Court finds that these statements are conclusory allegations that fail to state a claim upon which relief can be granted. Moreover, even if the transcripts have errors, Plaintiff has no constitutional right to a perfect transcript, and Plaintiff's constitutional rights would only be violated if inaccuracies in the transcripts adversely affected the outcome of the criminal proceeding. *See Brown v. N.M. Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 (10th Cir. March 19, 1998) (unpublished); *see also Smith v. State of Utah*, 94 F.3d 656, 1996 WL 463998, at *1 (10th Cir. Aug. 15, 1996) (unpublished). Plaintiff makes no allegation that the transcripts adversely affected the outcome

of the criminal proceeding, and any such allegation is unlikely to succeed since Plaintiff was acquitted of all charges against her.  *See* [*Doc. 133*, filed in No. CR-13-2150 RB].  For these reasons, the Court recommends that Defendants Schutte Everett and Alyce's motion to dismiss be **GRANTED** and that Plaintiff's claims against them be **DISMISSED with prejudice**.

### V. *Plaintiff's Motion for Default Judgment and Remaining Claims*

In her motion for default judgment, Plaintiff states that she has "filed summons" against each Defendant in this case, and she asks the Court to enter a default judgment against each Defendant because they have not filed answers to her Complaint.  [*Doc. 35* at 1-3].  First, for those Defendants who filed motions to dismiss Plaintiff's claims, no answer is required of them by operation of Fed. R. Civ. P. 12(a)(4), which explains that serving a motion under rule 12 alters the deadline for filing an answer until after the motion to dismiss has been ruled on.  As for the remaining Defendants, as the Court explained in Section III *supra*, Plaintiff has failed to issue properly executed summonses to any of the defendants in this case.  In addition, Plaintiff has failed to follow the mandatory two-step process for seeking default judgment, which requires that Plaintiff submit an application for entry of default to the Clerk, and then file her motion after the default is entered.  *See* Fed. R. Civ. P. 55(b).  For these reasons, the Court could recommend that Plaintiff's motion for default judgment be denied.  However, the Court notes that, even if Plaintiff is entitled to default judgment as to these Defendants, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citations omitted).  In other words, "[t]here must be a sufficient basis in the pleadings for the judgment entered."  *Id.* (citation omitted).  Therefore, the Court will consider Plaintiff's remaining claims to determine whether she has set forth a legitimate cause of action.

Plaintiff's remaining claims are against: My Hanh Che, a Vietnamese interpreter employed by contract during Plaintiff's criminal trial; Ann Tran, also an interpreter employed by contract during the trial; Olga Quiroz, Monica Cardenas, Susan Lee Travis, and Sergio Castro, all of whom were civilian witnesses called to testify at Plaintiff's trial; Raul Magallanes Escorza, a U.S. Probation Officer involved in the trial; "Angelica," an assistant to the FBI agent involved in the case and who "serve[d] as a translator of FBI's [r]ecorded [] consensual calls" made during the investigation of Plaintiff; Salvatore Patricolo, an officer with U.S. Immigration and Customs Enforcement ("ICE"); Jim Laws, a private investigator employed by the U.S. District Court; Marcia Milner, court-appointed counsel for a witness during the trial; and Russell Dean Clark, court-appointed defense counsel for Plaintiff at her trial. *See* [*Doc. 1* at 1-5]. A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir.1991). Upon review of Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim against any of these Defendants. Again, Plaintiff appears to allege selective and malicious prosecution, fraud, conspiracy, negligence, infliction of emotional distress, and wrongful arrest. *See* [*Doc. 1* at 6 and 11-12]. Plaintiff, however, fails to state with any particularity what claim or claims she is bringing against each of the remaining Defendants, and further fails to set forth any supporting facts for her allegations other than conclusory statements. Plaintiff's allegations are, therefore, insufficient to state a claim. *See Fisher*, 38 F.3d at 1147 (explaining that Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]") (citation omitted), and *Hall*, 935 F.2d at 1110 ("[C]onclusory

allegations without supporting factual averments are insufficient to state a claim on which relief can be based.") (citations omitted).

In addition, with regard to Mr. Clark, Plaintiff's court-appointed defense counsel, case law clearly holds that a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir.1995). To the extent Plaintiff alleges that some of these remaining Defendants engaged in selective prosecution, the Court finds that Plaintiff has failed to make the required showing that similarly situated individuals of a different race were not prosecuted. *See U.S. v. Armstrong*, 517 U.S. 456, 465, 470 (1996) (explaining that to state a claim for selective prosecution, the plaintiff must specifically "identify individuals who were not [of the same race as the respondents] and could have been prosecuted for the offenses for which respondents were charged, but were not so prosecuted"). Plaintiff also fails to set forth facts that could establish an inference of either discriminatory effect or discriminatory intent on the part of any of the remaining Defendants. *See U.S. v. Deberry*, 430 F.3d 1294, 1299-1300 (10th Cir. 2005) (explaining that "a credible showing of discriminatory effect and discriminatory intent is required" for a selective prosecution claim). While Plaintiff notes throughout her Complaint that many of the persons involved with her arrest and criminal prosecution were Hispanic, as the Chief District Judge in Plaintiff's other lawsuit explained, "Plaintiff's circumstantial evidence does not allow an inference of either discriminatory effect or discriminatory intent," and that "the fact that the prosecutors, FBI Agents, witnesses and alleged victims were Hispanic and Plaintiff is Vietnamese American does not establish discrimination." [*Doc. 40*, filed in No. CIV-15-191 MCA/SMV, at 13]. With regard to Plaintiff's allegations of a conspiracy, Plaintiff fails to allege any specific facts showing an agreement and concerted action among Defendants. *See Tonkovich v. Kansas*

13

*Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (explaining that to state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants") and *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."). For all of these reasons, the Court finds that Plaintiff fails to state a claim against any of the remaining Defendants and recommends that her claims against these parties be **DISMISSED**.

Furthermore, the Court recommends that dismissal of Plaintiff's claims against these parties be with prejudice because Plaintiff has failed to assert any deprivation of a constitutional right, has not asked to amend her Complaint, and, even if she did, allowing an amendment would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile."); *see also Tennant v. Miller*, No. 14-3037, 589 Fed. Appx. 884, 887 (10th Cir Nov. 3, 2014) (unpublished) (holding that the district court did not abuse its discretion in ordering dismissal with prejudice when the plaintiff did not request leave to amend prior to the dismissal and did not state how he could have cured the defects in his pleading), and *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("[A] court need not grant leave to amend when a party fails to file a formal motion.").

For the reasons set forth above, the undersigned recommends that:

(1)     Plaintiff's ***Motion Request for the Court to Take Specific Action Related to the Case (Doc. 3)*** be **DENIED**;

(2) ***Defendant Derek McBee's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim or in the Alternative to Dismiss Based on Summary Judgment (Doc. 18)*** be **GRANTED** and Plaintiff's claims against this Defendant be **DISMISSED with prejudice**;

(3) ***Defendant[s] Shapiro and Martinez' Motion to Dismiss and Memorandum in Support (Doc. 27)*** be **GRANTED** and Plaintiff's claims against these Defendants be **DISMISSED with prejudice**;

(4) ***Motion to Dismiss by Defendants Schutte Everett and Alyce for Insufficient Process and Failure to State a Claim and Memorandum in Support (Doc. 29)***, be **GRANTED** and Plaintiff's claims against these Defendants be **DISMISSED with prejudice**;

(5) Plaintiff's motion for default judgment [*Doc. 35*] be **DENIED**; and

(6) all of Plaintiff's remaining claims in this case be **DISMISSED with prejudice** as to all remaining Defendants.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**