IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TU MY TONG,

      Plaintiff,

vs.                                                       No. CIV 15-0682 JB/LAM

ALEXANDER B. SHAPIRO, MCBEE DERECK,
DANNA SCHUTTE EVERETT,
VANESSA I. ALYCE, MY HANH CHE,
ANN TRAN, OLGA QUIROZ, MONICA CARDENAS,
SUSAN LEE TRAVIS, SERGIO CASTRO,
RAUL MAGALLANES ESCORZA, ANGELICA LNU,
SALVATORE PATRICOLO, JIM LAWS, MARCIA MILNER,
LOUIS MARTINEZ, and RUSSELL DEAN CLARK,

      Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 25, 2016 (Doc. 39)("PFRD"). On February 16, 2016, Plaintiff Tu My Tong filed objections to the PFRD. See Objection To: USDC's Propose[d] Findings and Recommended Disposition, filed February 16, 2016 (Doc. 40)("Objections"). On February 26, 2016, Defendants Alexander B. Shapiro, Louis Martinez, Danna Schutte Everett, and Vanessa I. Alyce filed a response to Tong's Objections. See Defendants Shapiro, Martinez, Schutte Everett, and Alyce's Response to Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 26, 2016 (Doc. 41). On February 29, 2016, Defendant McBee Dereck filed a response to Tong's Objections. See Response to Plaintiff's Objections to Proposed Findings and Recommended Disposition, filed February 29, 2016 (Doc. 42). The Court has conducted a de novo review of those portions of the

PFRD to which Tong objects, has considered her motion to disqualify, and concludes that her objections and the motion lack a sound basis in the facts and applicable law. Accordingly, the Court will: (i) overrule Tong's objections; (ii) adopt the PFRD; (iii) deny Tong's Motion Request for the Court to Take Specific Action Related to the Case, filed August 5, 2015 (Doc. 3), and Plaintiff's Motion for Default Judgment and Request for Hearing, filed November 23, 2015 (Doc. 35); (iv) grant Defendant Derek McBee's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim or in the Alternative to Dismiss Based on Summary Judgment, filed September 11, 2015 (Doc. 18), the requests in Defendant[s] Shapiro and Martinez' Motion to Dismiss and Memorandum in Support, filed October 5, 2015 (Doc. 27), and Motion to Dismiss by Defendants Schutte Everett and Alyce for Insufficient Process and Failure to State a Claim and Memorandum in Support, filed October 23, 2015 (Doc. 29); and (v) dismiss with prejudice all of Tong's remaining claims and this case.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(c).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), superseded by statute on other grounds as stated in De Vargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377 (10th Cir. 1990); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal

---

[1] Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

questions.'" One Parcel, 73 F.3d at 1059. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of this waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id. at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(c), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(c), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to

- 5 -

object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit also noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because such action would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district court elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule). Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion."  Workheiser v. City of Clovis, 2012 WL

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there

6846401, at *3.  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Court will overrule Tong's Objections and adopt the Judge Martínez's recommendations in the PFRD.  Although Tong did not timely object to the PFRD, the Court concludes that the interests of justice warrant review of Tong's Objections.  The Court has conducted a de novo review of those portions of the PFRD to which Tong objects, has considered

---

was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection.  Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only.  The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations.  Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

her motion to disqualify, and concludes that her objections and the motion lack a sound basis in the facts and applicable law. Additionally, the Court has reviewed Judge Martínez's findings and recommendations with respect to those portions of the PFRD to which Tong does not object, including Judge Martínez's dismissal of Tong's remaining claims with prejudice as to Defendants that were never served and did not file motions, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not and will therefore adopt the PFRD.

## I.  THE COURT WILL CONSIDER TONG'S OBJECTIONS.

The Court first addresses the timeliness of Tong's objections. Tong's objections were due February 11, 2016 -- fourteen days after the Honorable Lourdes A. Martínez, United States Magistrate Judge for the District of New Mexico, filed her PFRD, plus three days for mailing. See PFRD at 1. Since Tong's objections were filed February 16, 2016, they are untimely and subject to the Tenth Circuit's "firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005)(citation omitted). The Court can waive application of this rule, however, when "the 'interests of justice require' review." Morales-Fernandez v. I.N.S., 418 F.3d at 1119 (citations omitted). In determining whether to invoke the exception, the Court can consider "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." Morales-Fernandez v. I.N.S., 418 F.3d at 1120 (citations omitted). Here, Tong states that she received the PFRD on February 2, 2016 and that, on that same day, she called and notified the Court that she had just received the PFRD. See Objections at 2. The Court concludes that Tong's notification that she did not receive the PFRD until five

business days after it was mailed to her constitutes adequate justification for her failure to timely file her objections. The Court, therefore, finds that the interests of justice warrant review of Tong's Objections on the merits.

## II.     THE COURT WILL OVERRULE TONG'S OBJECTIONS.

Tong's first objection to the PFRD is that Tong refused to consent to the Magistrate Judge in this case and in her earlier-filed case, see Tong v. State of New Mexico, et al., No. Civ. 15-0191, MCA/SMV, and that, for this reason, Judge Martínez did not have the authority to enter the PFRD. See Objections at 1-2, 6-7. Tong makes a similar argument in her motion to disqualify Judge Martínez assigned to her case. See Motion Disqualification of Judge (ccp. 170.6), filed March 1, 2016 (Doc. 43).[4] The Court for the District of New Mexico assigns a pre-trial Magistrate Judge to every civil case, excluding Social Security appeals. See D.N.M. LR-Civ. 73.1(a). While a party may refuse to consent to a Magistrate Judge to preside over the case as a *trial* Magistrate Judge, see D.N.M. LR-Civ. 73.1(b), a party has no right to refuse to consent to the *pretrial* Magistrate Judge assigned to the case. As explained in the PFRD, the Court referred Tong's claims to Judge Martínez pursuant to 28 U.S.C. § 636(b) to recommend to the Court an ultimate disposition of the case, which is what Judge Martínez did. See PFRD at 2; Order Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed September 18, 2015 (Doc. 23). The Court therefore finds that Tong's contentions regarding this issue are without merit and will overrule this Objection.

Next, Tong discusses Judge Martínez's conclusion that Tong failed to properly serve the Defendants. Tong admits that she has served only Shapiro, but has not served any other Defendant. See Objections at 2-3. Tong does not provide any support for her contention that she

---

[4]Judge Martínez denied this motion for the same reasons that the Court finds that this objection lacks a sound basis in the facts and in the applicable law.

has served Shapiro and, instead, attaches to her Objections a summons to McBee, which the Clerk of the Court did not sign and is dated April 1, 2015, more than four months before Tong filed her Complaint in this case.  See Objections at 13; Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 5, 2015 (Doc. 1).   As the PFRD explains, Tong has not shown that she issued properly executed summonses to any of the Defendants in this case and, therefore, her entire action is subject to dismissal under rule 4(m) of the Federal Rules of Civil Procedure.  See PFRD at 8. Because, however, Judge Martínez elected to consider the merits of Tong's claims despite Tong's failure to serve, see PFRD at 8, 10-11, the Court concludes that Tong's Objections regarding whether any of the Defendants have been properly served are moot.   Additionally, the Court notes that counsel Karen F. Grohman entered appearances for Schutte Everett, Alyce, Shapiro, and Martinez,  see Notice of Entry of Appearance, filed October 5, 2015 (Doc. 26); Notice of Entry of Appearance, filed October 23, 2015 (Doc. 28), and counsel Robert A. Cabello entered an appearance for McBee, see Entry of Appearance, filed September 16, 2015 (Doc. 20).   In any case, Judge Martínez's findings on service are correct.

Finally, Tong contends that she did not receive the motions to dismiss that McBee, Shapiro, Martinez, Schutte Everett, and Alyce filed.   See PFRD at 3-4.   The Court concludes that this Objection lacks a sound basis in the facts and the applicable law.   In the PFRD, Judge Martínez noted that Shapiro and Martinez, and Schutte Everett and Alyce filed respective notices with the Court stating that they attempted to serve Tong with a copy of their respective motions to dismiss by certified mail, return receipt requested, but that the copies were returned to counsel. See PFRD at 2, n.2 (citing Notice of Defendants' Inability to Serve Plaintiff Copy of Defendants' Shapiro and Martinez' Motion to Dismiss and Memorandum in Support (Doc. 27) by Mail, filed October 27, 2015 (Doc. 30); Notice of Defendants' Inability to Serve Plaintiff Copy of Motion to

Dismiss by Defendants Schutte Everett and Alyce for Insufficient Process and Failure to State a Claim and Memorandum in Support (Doc. 29) by Mail, filed November 17, 2015 (Doc. 32)).   In McBee's response to Tong's objections, he attaches an affidavit from Rebecca A. Florez, a legal assistant with the City Attorney's office for the City of Las Cruces, which states that she mailed, by regular mail, McBee's motion to dismiss and memorandum in support of the motion to Tong's address of record.   See Affidavit of Rebecca A. Florez, filed February 29, 2016 (Doc. 42-1).   On August 5, 2015, Tong entered her CM/ECF Pro Se Notification Form on which she elected to receive notification of filings "via postal mail" and provided her mailing address.   See Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Supporting Memorandum, filed March 12, 2015 (Doc. 4).   The Court agrees with the Judge Martínez that the Defendants properly attempted to serve their motions on Tong, and that Tong's apparent refusal to accept Defendants' mailings does not excuse her failure to respond to their motions, because service of these motions was "complete upon mailing."   See PFRD at 2, n.2 (quoting Fed. R. Civ. P. 5(b)(2)(C)).   For these reasons, the Court overrules Tong's Objection regarding receipt of the Defendants' motions.

      Tong makes no other discernible objections to Judge Martínez's PFRD.

> We agree with these holdings of our sister circuits, because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance.   Therefore, we hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.

One Parcel, 73 F.3d at 1060.

      Tong did not object to major portions of Judge Martínez's PFRD, including Judge Martínez's dismissal of Tong's remaining claims with prejudice as to Defendants that were never served and did not file motions.   See PFRD at 11-14.   In particular, Tong does not object to Judge

Martínez's dismissal of Tong's claims against Defendants My Hanh Che, Ann Tran, Olga Quiroz, Monica Cardenas, Susan Lee Travis, Sergio Castro, Raul Magallanes Escorza, Angelica LNU, Salvatore Patricolo, Jim Laws, Marcia Milner, and Russell Dean Clark for failure to state a claim under 42 U.S.C. § 1983.  See PFRD at 11-14.  The Court has nonetheless reviewed Judge Martínez's findings and recommendations with respect to those portions of the PFRD to which Tong does not object, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court determines that they are not and will therefore adopt the PFRD.

**IT IS ORDERED** that: (i) Plaintiff Tu My Tong's Objection To: USDC's Propose Findings and Recommended Disposition, filed February 16, 2016 (Doc. 40), are overruled; (ii) the Proposed Findings and Recommended Disposition, filed January 25, 2016 (Doc. 39), are adopted; (iii) Tong's Motion Request for the Court to Take Specific Action Related to the Case, filed August 5, 2015 (Doc. 3), and Plaintiff's Motion for Default Judgment and Request for Hearing, filed November 23, 2015 (Doc. 35), are denied; (iv) Defendant Derek McBee's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim or in the Alternative to Dismiss Based on Summary Judgment, filed September 11, 2015 (Doc. 18), the requests in Defendant[s] Shapiro and Martinez' Motion to Dismiss and Memorandum in Support, filed October 5, 2015 (Doc. 27), and the Motion to Dismiss by Defendants Schutte Everett and Alyce for Insufficient Process and Failure to State a Claim and Memorandum in Support, filed October 23, 2015 (Doc. 29); are granted and Tong's claims against these Defendants are dismissed with prejudice; and (v) Tong's claims as to all remaining Defendants and this case are dismissed with prejudice, and a final judgment shall be entered concurrently with this order.

                                                                                      _____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Tu My Tong
Ruidoso, New Mexico

      *Plaintiff pro se*

Karen Grohman
United States Attorney's Office
Albuquerque, New Mexico

      *Attorney for Defendants Alexander B. Shapiro, Danna Schutte Everett, Vanessa I. Alyce,
        and Louis Martinez*

Harry Connelly
Roberto A. Cabello
Las Cruces City Attorney's Office
Las Cruces, New Mexico

      *Attorneys for Defendant McBee Dereck*